UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

| | |
|---|---|
| WAYNE ANTHONY RAY, ) | |
| ) | |
| Plaintiff, ) | Civil Action No. 3:20-CV-P243-CHB |
| ) | |
| v. ) | |
| ) | **MEMORANDUM OPINION** |
| DR. CRAIG MEEK, ) | |
| ) | |
| Defendant. ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Plaintiff Wayne Anthony Ray filed the instant *pro se* action proceeding *in forma pauperis*. The complaint [R. 1] is before the Court for an initial review pursuant to 28 U.S.C. § 1915A. Upon review, the Court will dismiss the action for the reasons stated herein.

## I. SUMMARY OF ALLEGATIONS

Plaintiff, an inmate at the Kentucky State Reformatory ("KSR"), sues Dr. Craig Meek, MD, a KSR psychiatrist, in his individual and official capacities. In his statement of claim, Plaintiff states, "Emergency involuntary medication – in the judgment of a physician, a patient suffers from a mental disorder and presents an imminent likelihood of serious harm to self or others, or is gravely disabled." [R. 1, p. 4] He also writes, "approximately $551,000." *Id.* at 5.

As relief, Plaintiff seeks compensatory damages and where the form asks the filer to state other damages sought, Plaintiff states, "Each time of violation." *Id.* at 6. The complaint contains no other allegations.

## II. ANALYSIS

When a prisoner initiates a civil action seeking redress from a governmental entity, officer, or employee, the trial court must review the complaint and dismiss the complaint, or any

portion of it, if the court determines that the complaint is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  *See* § 1915A(b)(1), (2); *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).

In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true."  *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)).  "But the district court need not accept a 'bare assertion of legal conclusions.'"  *Tackett*, 561 F.3d at 488 (quoting *Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995)).  Although this Court recognizes that *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991) (citations omitted), "[o]ur duty to be 'less stringent' with pro se complaints does not require us to conjure up unpled allegations."  *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979) (citation omitted).

In addition, Federal Rule of Civil Procedure 8(a) requires a pleading to contain "a short and plain statement of the claim showing that the pleader is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). Thus, Rule 8(a) "imposes legal *and* factual demands on the authors of complaints." *16630 Southfield Ltd., P'Ship v. Flagstar Bank*, 727 F.3d 502, 503 (6th Cir. 2013).  In other words, a "complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory." *Scheid v. Fanny*

*Farmer Candy Shops, Inc.*, 859 F.2d 434, 436 (6th Cir. 1988) (citations and internal quotation marks omitted); *see also Twombly*, 550 U.S. at 555 n.3 ("Rule 8(a)(2) still requires a 'showing,' rather than a blanket assertion, of entitlement to relief.  Without some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirement of providing not only 'fair notice' of the nature of the claim, but also 'grounds' on which the claim rests.").

      Plaintiff's complaint contains no factual or legal grounds to support a cause of action.  Plaintiff's description of "[e]mergency involuntary medication" is too vague and lacking in factual specificity to state a constitutional claim.  *See Iqbal*, 556 U.S. at 681 ("[T]he allegations are conclusory and not entitled to be assumed true.") (citing *Twombly*, 550 U.S. at 554–55).  Plaintiff's broad statement fails to give Defendant "fair notice" of the claim(s) against him.  *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002) (indicating that the short and plain statement of claim must "'give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests'" (citation omitted)).  Plaintiff fails to describe any specific action taken against him; how Defendant actually harmed him; or what constitutional provisions or laws he claims were violated.  Therefore, the action must be dismissed for failure to state a claim upon which relief may be granted and for failure to meet the notice-pleading standards of Rule 8.

      For the foregoing reasons, the Court will dismiss the action by separate Order.

Date: September 30, 2020.

*Claria Horn Boom*
CLARIA HORN BOOM,
UNITED STATES DISTRICT COURT JUDGE
EASTERN AND WESTERN DISTRICTS OF
KENTUCKY

cc:    Plaintiff, *pro se*
        Defendant
A958.010